IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOEBLERS' PENNSYLVANIA HYBRIDS, INC., | : : : | 4:CV-03-1079 (Judge McClure) |
| Plaintiff | : : | |
| v. | : : | |
| TAYLOR DOEBLER, III, an individual, and DOEBLER SEEDS LLC, d/b/a T.A. DOEBLER SEEDS, | : : : : | |
| Defendants/Third Party Plaintiffs | : : | |
| v. | : : | |
| WILLARD L. JONES and WILLIAM R. CAMERER, III, | : : : | |
| Third Party Defendants | : | |

**M E M O R A N D U M**

October 30, 2006

**BACKGROUND:**

Jury selection is currently scheduled for March 1, 2007 and a final pretrial conference is scheduled for January 31, 2007.

1

Now before the court is a motion for clarification, filed September 25, 2006, by third party defendants' Willard L. Jones and William R. Camerer, III. Attached to the motion is a certificate of concurrence of counsel for plaintiff Doebler's Pennsylvania Hybrids, Inc. A brief in support of the motion was filed the same day. On October 10, 2006, Taylor Doebler, III, and T. A. Doebler Seeds, defendants/third party plaintiffs, filed a response to the third party defendants' motion for clarification. On October 25, 2006, plaintiff, Doebler's Pennsylvania Hybrids, Inc., filed a response to Taylor Doebler, III and T. A. Doebler Seeds' response to third party defendants' motion for clarification. Finally, on October 26, 2006, third party defendants filed a reply brief in support of their motion for clarification.

The third party defendants submit that, in view of the limited reach of the Third Circuit's opinion, those counts that are set forth in the third party complaint that are not based on the ownership of the Doebler's trademark should not be included in the forthcoming trial. These are referred to as the "Non-Trademark" Counts" as opposed to the "Trademark Counts," which are based on the ownership of the Doebler's trademark. The Non-Trademark Counts of the third party complaint are comprised of civil conspiracy (Count I), interference with business relations (Count II), and breach of fiduciary duty (Count IV). The Trademark

Counts are comprised of unfair competition/false designation of origin (Count III) and federal dilution of trademark rights (Count IV).

Based on their submissions, there appears to be unanimous agreement of the parties that the foregoing Non-Trademark Counts set forth in the third party complaint should not be included in the forthcoming trial. The court agrees and, therefore, they will be excluded from the trial.

In its response to third party defendants' motion for clarification, Taylor Doebler, III and T. A. Doebler Seeds, defendants/third party plaintiffs, included a request that the court bifurcate the issues of liability and damages, and they further requested, in the alternative, should the court determine that bifurcation is not warranted, that the court provide deadlines for expert discovery limited to the issue of damages, so that testimony on the issue of damages may be presented at trial. In its filing, plaintiff first points out that neither the question of further discovery as to the issue of damages nor the potential bifurcation of the trial is properly before the court, as defendants/third party plaintiffs did not set forth these requests in a separate motion or brief the same in accordance with the standard motions practice. Plaintiff then proceeds to object to bifurcation and also to any further damage discovery. In their reply brief, third party defendants also expressed their opposition to reopening discovery and the bifurcation of liability and damages.

Failure of defendants/third party plaintiffs to follow the general motion practice in making their two requests may well have led to some confusion as to briefing responsibilities.  There was no separate motion and no separate brief and yet it is the filing of the supporting brief for motions that triggers the obligation of opposing parties to file an opposing brief.  See LR 7.6.  While defendants did not adhere to the usual motion practice, the court believes that the positions of the parties have been sufficiently stated for it to make a ruling on the requests.

**Bifurcation**

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> **Separate Trials**.  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The Advisory Committee Notes to the 1966 Amendment to Rule 42 include the following statement:

> "While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth."

Here, the court finds that bifurcation of liability and damages would not be

in furtherance of convenience, is not necessary to avoid prejudice, and would not be conducive to expedition and economy.

Bifurcation is an issue that rests in the sound discretion of the judge. This court has most frequently granted bifurcation in those cases in which the presentation of damages evidence is inordinately disproportionate to the evidence on liability. Bifurcation is usually not ordered when the issues of liability and damages are intertwined and witnesses who testify regarding liability can also be expected to testify as to damages. Bifurcation is often ordered in personal injury cases in which the nature and extent of the damage issues may prejudice the jury in its liability determination.

In this case, it appears to the court that the presentation of evidence as to damages would occupy a much smaller portion of the trial time than evidence presented regarding liability, and that there is likely to be considerable overlap in testimony as to liability and damages by the key witnesses. In addition, there is no expectation that the damages evidence will prejudice the liability verdict.

Moreover, it is essential that the same jury try both liability and damages, and yet for bifurcation to be meaningful here, there would need to be an inappropriate hiatus between a verdict on liability and a trial on damages.

**Damages Experts**

In addition to their request for bifurcation, the defendants requested that the court provide pretrial deadlines for expert discovery limited to the issue of damages so that testimony on the issue of damages may be presented at trial.

As the parties well know, this case has involved several important proceedings, including the hearing on the motion for preliminary injunction, the appeal of the court's granting of the preliminary injunction, the briefing and ruling on motions for judgment on the pleadings and on the cross motions for summary judgment and the appeal to the United States Court of Appeals for the Third Circuit resulting in a partial reversal. Several months were then devoted thereafter to settlement attempts.

With respect to the matter of discovery limitations, the court notes that in the initial scheduling order of November 13, 2003 (Rec. Doc. No. 72), the court fixed a fact discovery deadline of February 17, 2004 and also fixed deadlines for the supplying of expert reports and supplemental reports as well as depositions of opposing party's experts. The order of January 14, 2004 extended the deadline for the completion of all fact discovery to April 16, 2004 and extended the deadline for the parties to supply their opponents with names and reports of their experts to April 16, 2004.

By order of March 23, 2004, the court granted a joint motion for extension

of time to the extent that it extended the deadline for completing all fact discovery to May 17, 2004.  That order made no extension with respect to the providing of the names and reports of expert witnesses.

Finally, the court in its October 2, 2006 order granted the defendants' request for a continuance and scheduled jury selection for March 1, 2007.  There was no request in that motion for an extension of the deadline for the providing of expert reports or otherwise for an extension of the period of fact discovery.

It should be noted that defendants have not sought an extension of fact discovery, but have asked the court to provide pretrial deadlines for expert discovery limited to the issue of damages.

The order of January 14, 2004 was the last order providing a specific deadline for the supplying to the opposing parties of the names and reports of experts.  The order of March 23, 2004 extending the deadline for completing fact discovery to May 17, 2004, but made no mention of the expert report deadline.  Likewise, the court's order of December 13, 2004 deferring action on the damages claims and the petitions for attorneys fees simply ordered that discovery pertinent to the damages claims may go forward in the meantime without giving any new deadline for either fact discovery or for expert names and reports and related information.

Since the latter date, counsel have understandingly been preoccupied with the filing and briefing of the appeal to the Court of Appeals which was taken September 28, 2004, as well as the settlement efforts engaged in following the decision of the Court of Appeals as amended April 22, 2006.

It is understandable, therefore, regardless of the fact that there have been numerous changes of attorneys, that there would be some misapprehension as to the continued viability of the expert report deadline of April 16, 2004.  Expert reports on the issue of damages would not have been relevant to the request for either a preliminary or permanent injunction nor to the briefing of the summary judgment motions filed June 8, 2004.

The court believes that expert reports should be helpful to the jury in arriving at a fair and reasonable verdict on the issue of damages.  Moreover, no undue prejudice will be shown to any of the parties by the extension of the deadline for providing names, reports and related required information of experts on the issue of damages, as four months remain before the date of jury selection, March 1, 2007.

In conclusion, the court will deny the request for bifurcation, but provide new deadlines pertaining to expert reports regarding damages.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOEBLERS' PENNSYLVANIA HYBRIDS, INC., | : : : | 4:CV-03-1079 (Judge McClure) |
| Plaintiff | : : | |
| v. | : : | |
| TAYLOR DOEBLER, III, an individual, and DOEBLER SEEDS LLC, d/b/a T.A. DOEBLER SEEDS, | : : : : | |
| Defendants/Third Party Plaintiffs | : : | |
| v. | : : | |
| WILLARD L. JONES and WILLIAM R. CAMERER, III, | : : : | |
| Third Party Defendants | : | |

**O R D E R**

October 30, 2006

For the reasons set forth in the foregoing Memorandum,

**IT IS ORDERED THAT:**

1. The motion for clarification (Rec. Doc. No. 259), filed September 25, 2006 by third party defendants Jones and Camerer is granted.

2. The following claims asserted by plaintiff against defendants shall be

1


tried to a jury commencing on March 1, 2007: Count I for Federal Unfair Competition/False Designation of Origin; Count II for Federal Dilution of Trademark Rights; Count III for Common Law Unfair Competition; Count V for Misappropriation of Trade Secrets and Confidential Information; Count VI for Interference with Business Relations; Count VII for Breach of Fiduciary Duty; and Count VIII for Vicarious Liability and Respondeat superior, with the exception of DPH's vicarious liability claim premised on TAS' alleged breach of the board member agreement.

    3. The following counterclaims asserted by defendants against plaintiff shall be tried to a jury commencing on March 1, 2007: Count II for Federal Unfair Competition/False Designation fo Origin and Count III for Federal Dilution of Trademark Rights.

    4. The following third party claims asserted by third party plaintiffs against third party defendants shall be tried to a jury commencing on March 1, 2007: Count III for Federal Unfair Competition and Count IV for Federal Dilution of Trademark Rights.

    5. The request for bifurcation of the issues of damages and liability is denied.

6. Expert report deadlines on the issue of damages alone are extended as follows:

6.1 To the extent required by Fed. R. Civ. P. 26(a)(2), each party must supply to all other parties the name(s) and report(s) of their damages expert(s) on or before December 1, 2006.

6.2 Depositions of damages experts for use at trial in lieu of live testimony may be taken at any time prior to trial, with concurrence of counsel.

6.3 Supplemental reports of damages experts must be supplied to all other counsel on or before December 18, 2006.

6.4 All depositions of an opposing party's damages experts under Fed. R. Civ. P. 26(b)(4) must be conducted on or before January 12, 2007.

6.5 Counsel are reminded of their continuing obligation to supplement disclosures and responses in accordance with the provisions of Fed. R. Civ. P. 26(e), which obligation is not affected by this order.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

13