IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOEBLER'S PENNSYLVANIA HYBRIDS, INC., | : :  |
| | : No. 4:CV-03-1079 |
| Plaintiff, | : |
| | : (Judge McClure) |
| v. | : |
| | : |
| TAYLOR DOEBLER, III, an individual and DOEBLER SEEDS, LLC d/b/a T.A. DOEBLER SEEDS, | : : : |
| | : |
| Defendants/Third Party Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| WILLARD L. JONES and WILLIAM R. CAMERER, III, | : : |
| | : |
| Third Party Defendants. | : |

**M E M O R A N D U M**

January 31, 2007

**BACKGROUND:**

On June 27, 2003, plaintiff Doebler's Pennsylvania Hybrids, Inc. (DPH) commenced this action with the filing of an eight-count complaint against defendants Taylor A. Doebler, III and Doebler Seeds, LLC d/b/a T.A. Doebler Seeds (TAS). In its complaint, DPT alleges that Taylor A. Doebler, III, by resigning from his employment as well as his seat on the board of directors of

DPH, forming TAS, and hiring several former DPH employees, has, together with TAS, engaged in unfair competition, false designation of origin, trademark dilution, breach of fiduciary duty, misappropriate of trade secrets, and interference with business relations.

On September 23, 2003, this court granted a preliminary injunction in favor of plaintiff that enjoined defendant from using the DOEBLER name and selling certain hybrids.

On December 3, 2003, defendants filed an answer to the complaint, including affirmative defenses and counterclaims. The same day, defendants filed a seven-count third-party complaint naming Willard L. Jones and William R. Camerer, III as third-party defendants.

On September 8, 2004, this court granted summary judgment in favor of DPH and the third-party defendants and issued a permanent injunction that prevented defendants from using the name DOEBLER and selling certain hybrids.

Defendants appealed our September 8, 2004 decision and on March 23, 2006, the United States Court of Appeals for the Third Circuit reversed our grant of summary judgment and remanded the case for further proceedings.

This case is currently set for trial on March 1, 2007. On December 14, 2006, plaintiff filed a motion <u>in limine</u> to "exclude hearsay testimony at trial" of

statements of Taylor A. Doebler, II.  (Rec. Doc. No. 286.)  The same day, third-party defendants filed a motion in limine seeking to exclude the same evidence. (Rec. Doc. No. 284.)  Finally, the same day, defendants filed a motion in limine seeking to exclude evidence of trade secrets.  (Rec. Doc. No. 288-1.)    Supporting and opposition briefs have been filed for each motion.  In addition, a reply and surreply brief have been filed for defendants' motion to exclude evidence of trade secrets.

Now, for the following reasons, the court will defer ruling on plaintiff and third-party defendants' motions and will deny defendants' motion to exclude evidence of trade secrets.

**DISCUSSION:**

**I. Plaintiff and Third-Party Defendants' Motions to Exclude Hearsay**

Plaintiff and Third-Party Defendants' Motions in limine (collectively "plaintiff's motion") seek to exclude the same evidence: evidence of statements made by Taylor A. Doebler, Jr. ("Ted Doebler").  Therefore, we will handle these two motions together.

In the present case, plaintiff's motion seeks to exclude several statements made by Ted Doebler, who is now deceased.  Rather than address each instance of

hearsay it expects the defendants to offer at trial, plaintiff's motion simply cites multiple paragraphs of numerous affidavits and states that the statements are hearsay.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801©.  A "statement" can be either a written or oral assertion or any nonverbal conduct intended as an assertion.  Fed. R. Evid. 801(a); United States v. McGlory, 968 F.2d 309, 331 (3d Cir. 1992).  Hearsay is not admissible except as provided by the Federal Rules of Evidence or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

We find it nearly impossible for us to analyze each statement and speculate as to what purpose and what in context each will be offered.  Therefore, we will defer ruling on the admissibility of each statement until offered at trial.

Its worth noting that evidence of statements made by Ted Doebler that are offered to prove the truth of the matter asserted are classic hearsay and will be excluded on that basis unless they meet a hearsay exception.  Evidence of statements by Ted Doebler offered for purposes other than to prove the truth of the matter asserted are not hearsay and may well be admissible if they don't run afoul

of any other rule of evidence. Still, the court notes that it is always wary of pretextual reasons to offer evidence when the true purpose appears to be the truth of the matter asserted. See United States v. Hernandez, 750 F.2d 1256, 1258 (5th Cir.1985) (rejecting government's argument that testimony was offered to prove listener's state of mind because listener's state of mind was irrelevant).

## II. Defendant's Motion to Exclude Evidence of Trade Secrets

Defendants' motion seeks to exclude evidence of trade secrets, which would effectively bar plaintiff's claim on misappropriation of trade secrets. The short version of their argument is that no trade secret exists as a matter of law, because federal law requires agricultural seed labels to include the variety name of the seed on the label. Furthermore, the variety name of the seed must be consistent regardless of the seller. Therefore, all sellers must know the makeup of other seller's varieties in order to know whether they must use a certain variety name when labeling a product.

Plaintiff counters by arguing that this is really a summary judgment motion filed well beyond the deadline and in violation of the Local Rules of the Middle District of Pennsylvania because it fails to include a statement of undisputed material facts. Additionally, it argues that federal law allows seed labels to state "Variety not stated" when the seller is unsure of the variety name. Finally, it

5

argues that the pedigree information of which hybrids are constituted is confidential and proprietary, so trade secrets may have existed.

While plaintiff argues that this motion is truly a summary judgment motion filed well beyond the deadline and in violation of Local Rules of the Middle District of Pennsylvania, we do not agree with this characterization. Defendants' motion is properly titled a motion in limine because it seeks the exclusion of evidence. It is true that the exclusion of certain evidence can often have the same effect as a grant of partial summary judgment, but this does not preclude us from ruling on the motion. In the end, however, the critical question for the court is whether plaintiff's misappropriation of trade secrets claim fails as a matter of law. If it does, we must then decide whether evidence of trade secrets is rendered irrelevant under the Federal Rules of Evidence, or whether it may be relevant to some other fact of consequence to the action.

Under Pennsylvania law, one of the elements necessary to a claim of misappropriation of trade secrets is the existence of a trade secret. Rohm & Haas Co. v. Adco Chemical Co., 689 F.2d 424, 429-30 (3d Cir. 1982) (citations omitted). "A trade secret may consist of any formula pattern or device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use

it." Felmlee v. Lockett, 351 A.2d 273, 277 (Pa. 1976) (citation omitted).  There are six factors that a court must consider when determining whether given information is a trade secret, including (1) the extent to which the information is known outside of the owner's business; (2) the extent to which it is known by employees and others involved in the owner's business; (3) the extent of measures taken by the owner to guard the secrecy of the information; (4) the value of the information to the owner and to his competitors; (5) the amount of effort or money expended by the owner in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.  RESTATEMENT OF TORTS § 757 cmt. b (1939).

By way of background, this case involves hybrid strains of corn seed which are created by mixing the parentage of male and female inbred strains.  Foundation companies provide the male and female inbred strains to seed sellers, who combine them to produce different types of hybrid seeds.  The hybrid seeds are then sold to growers.

Evidently, prior to leaving his employment with the plaintiff, defendant Taylor A. Doebler, III stole a computer disc that contained the pedigree information (the combination of inbred strains used to make a particular hybrid) for plaintiff's hybrids.  Defendants then used this information to develop identical

hybrids, and provided customers with a comparison sheet to indicate which of its hybrids corresponded to plaintiff's hybrids.

Under the Federal Seed Act, it is unlawful for any person to transport or deliver for transportation in interstate commerce any agricultural seeds unless each container bears a label with the following information:

> The name of the kind or kind and variety for each agricultural seed component present in excess of 5 per centum of the whole and the percentage by weight of each: Provided, That (A), except with respect to seed mixtures intended for lawn and turf purposes, if any such component is one which the Secretary of Agriculture has determined, in rules and regulations prescribed under section 1592 of this title, is generally labeled as to variety, the label shall bear, in addition to the name of the kind, either the name of such variety or the statement "Variety Not Stated" . . .

7 U.S.C. § 1571(a)(1). More simply put, the label must contain the variety name or state "Variety not stated." See id.

Furthermore, once a seller has created and given it a variety name, all sellers must use the same variety name so buyers know what they are getting. See Agricultural Marketing Service of the U.S. Department of Agriculture, Facts About: Naming and Labeling Varieties of Seed, available at www.ams.usda.gov/lsg/seed/factsabt.pdf [hereinafter Naming and Labeling Facts]. It is illegal to change a variety name once it has been assigned and marketing a hybrid under the wrong name is misrepresentation. Id.

8

Finally, the regulations require the brand names to be used separately and distinctly from the variety name. 7 C.F.R. § 201.36b(e). Thus, brand names and terms from trademarks may be associated with the variety name as an identification of the seed's source, but they must be clearly identified as being other than part of the variety name. Id. The regulations give an example of a brand name used with a variety name that is not in violation of the regulation: Ox Brand Golden Cross Sweet Corn. Id. Thus, "Ox" is the brand name, which is clearly identified as being distinct from the variety name, which is "Golden Cross Sweet Corn." Id.

In the current case, the Third Circuit noted that a particular hybrid sold by plaintiff may be marketed in a manner such as "Doebler's Hybrids 667SL." Doeblers' Pennsylvania Hybrids, Inc. v. Doebler, 442 F.3d 812, 831-32 (3d Cir. 2006). This would appear to make "Doebler's Hybrids" the brand name or trademark term and "667SL" the variety name. Id.

In plaintiff's complaint, it asserted trade secret protection in "business plans, customer lists, research methodology, processes, existing software, methodologies of DPH, pricing information and other proprietary data . . ." (Pl.'s Compl., Rec. Doc. No. 1, ¶ 64.) Yet, at some point, plaintiff's trade secret claim evolved into alleging that defendants used their knowledge of the pedigree information of hybrids sold by plaintiff to develop and market an identical hybrid. Doeblers'

9

Pennsylvania Hybrids, 442 F.3d at 828-29.

The issue of whether plaintiff's trade secret claim fails as matter of law was discussed by the Third Circuit on appeal. Specifically, the Third Circuit noted that it did not understand how the hybrid's pedigree information could be kept secret if the Federal Seed Act required all persons selling a particular pedigree to use the same variety name. Id. at 833. If the pedigree was kept confidential, the sellers would never know if they were selling the same hybrid and thus required to use a certain variety name. Id. Still, the Third Circuit refrained from ruling that the plaintiff's trade secret claim failed as a matter of law, finding a lack of clarity on the matter. Id. Specifically, the court thought further development was required on this issue as to the variety names used for the relevant hybrids, who created them, who named them, and the practices in the industry.

There has been no further development on this issue since the remand aside from the briefs filed in connection with this motion. Because these briefs have yet to further develop the issues the Third Circuit discussed, we are left in the same situation as the Third Circuit. We will therefore refrain from ruling at this time as to whether plaintiff's trade secret claim fails as a matter of law to the extent it asserts trade secret protection in the pedigree information for particular hybrids.

Nevertheless, this does not preclude us from ruling on defendant's motion to

preclude evidence of trade secrets. We believe this motion must be denied for several reasons. First, as just mentioned, further development is necessary on the issue of whether the trade secret claim fails as a matter of law and this development will require evidence of trade secrets to be presented. Second, plaintiff's initial complaint asserts trade secret protection in other matters, such as its research and pricing methods. (Rec. Doc. No. 1, ¶ 64.) In that sense, even if the Federal Seed Act did require the pedigree information of hybrids to be made public, this would not preclude plaintiff's other trade secrets claims and the presentation of evidence of trade secrets on those claims. Finally, even if there were no other trade secret claims and the Federal Seed Act did require the pedigree information of hybrids to be made public, all evidence that is relevant to the trade secret claim is not necessarily irrelevant to other claims. Specifically, we assume that the evidence the defendants truly want to exclude is evidence that they stole a computer disc from plaintiff. Even if plaintiff had no trade secret claim, this evidence may be relevant to plaintiff's other claims, such as unfair competition and breach of fiduciary duty.

**CONCLUSION:**

As to plaintiff's and third-party defendants' motions in limine to exclude statements made by Taylor A. Doebler, Jr., we will defer ruling on the admissibility of each statement until offered at trial. We note that statements of Taylor A. Doebler, Jr. offered to prove the truth of the matter asserted are hearsay and must be excluded on that basis unless they meet a hearsay exception. Statements not offered to prove the truth of the matter asserted are not hearsay and will not be excluded unless they run afoul with another rule of evidence.

As to defendants' motion to preclude evidence of trade secrets, this motion must be denied because further development is necessary on the issue of whether the trade secret claim fails as a matter of law and this development will require evidence of trade secrets to be presented, because plaintiff may assert trade secret protection in other matters aside from the pedigree information of its hybrids, and because evidence of trade secrets may be relevant to plaintiff's other claims.

      s/ James F. McClure, Jr.
      JAMES F. McCLURE, JR.
      United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOEBLER'S PENNSYLVANIA HYBRIDS, INC., | : : : | |
| | : | No. 4:CV-03-1079 |
| Plaintiff, | : : | |
| | : | (Judge McClure) |
| v. | : : | |
| TAYLOR DOEBLER, III, an individual and DOEBLER SEEDS, LLC d/b/a T.A. DOEBLER SEEDS, | : : : : | |
| | : | |
| Defendants/Third Party Plaintiffs, | : : | |
| v. | : : | |
| WILLARD L. JONES and WILLIAM R. CAMERER, III, | : : : | |
| | : | |
| Third Party Defendants. | : | |

**O R D E R**

January 31, 2007

For the reasons set forth in the accompanying memorandum, IT IS ORDERED THAT:

1. We will defer ruling on plaintiff's motion <u>in</u> <u>limine</u> to exclude hearsay testimony of statements of Taylor A. Doebler, III until

1

      such statements are offered at trial. (Rec. Doc. No. 286.)

2.    We will defer ruling on third-party defendants' motion <u>in</u> <u>limine</u> to exclude hearsay testimony of statements of Taylor A. Doebler, II until such statements are offered at trial. (Rec. Doc. No. 284.)

3.    Defendants' motion <u>in</u> <u>limine</u> to exclude evidence of trade secrets is DENIED. (Rec. Doc. No. 288-1.)

                          <u>s/ James F. McClure, Jr.</u>
                    JAMES F. McCLURE, JR.
                    United States District Judge